UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL E. WILLIAMS, | Case No. 2:16-CV-00199 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendant(s). | |

Presently before the court are defendants' motions to dismiss the complaint. (ECF Nos. 5, 8). Bank of America, N.A., Countrywide Home Loans, Inc., and the Bank of New York Mellon (collectively referred to as "BANA") filed a joint motion to dismiss. (ECF No. 5). Bank of New York and Residential Credit Solutions, Inc. (collectively referred to as "BONY") filed an additional joint motion to dismiss. (ECF No. 8). Plaintiff Michael E. Williams filed a response to both. (ECF Nos. 17, 20). Defendants each filed a reply. (ECF Nos. 28, 19).

**I.     Background**

On or about June 29, 2004, plaintiff purchased the property located at 1600 Eaton Drive, Las Vegas, Nevada, 89102 ("the property"). (ECF No. 8). To pay for the property, plaintiff executed a promissory note amounting to $308,000 with Countrywide as the lender. (*Id.*) Thereafter, plaintiff entered into a deed of trust securing the loan. (*Id.*). Mortgage Electronic Registration Systems, Inc. ("MERS") was named as the beneficiary and CTC Real Estate Services as the trustee. (*Id.*). BANA later acquired Countrywide and MERS assigned the deed of trust to BONY. (*Id.*). BONY recorded a substitution of trustee naming Sables LLC ("Sables") as trustee, making it the current trustee. (*Id.*). Sables then notified plaintiff he was delinquent on the loan and owed over $140,000. (*Id.*)

**James C. Mahan**
**U.S. District Judge**

Thereafter, Sables opted to sell the property on behalf of BONY. (*Id.*). Plaintiff then opted for, and initiated, the mediation process. (*Id.*). In December 2014, the meditation concluded, determining that plaintiff did not qualify for loan modification. (*Id.*). Soon after, Sables initiated foreclosure proceedings and sold the property on January 19, 2016. (*Id.*).

Plaintiff, from the time he received the loan and the notice of foreclosure, alleges he called the defendants on multiple occasions to gain access to the disclosure of terms and conditions, loan modification procedures, as well as other documents. (ECF No. 1-1 ¶¶ 14, 33–36). As a result of these occurrences, plaintiff initiated the present action. (*Id.*). In his complaint he alleges ten claims for relief: (1) intentional misrepresentation; (2) rescission based upon fraud; (3) negligent foreclosure; (4) permanent injunction and declaratory relief; (5) violation of the Federal Truth in Lending Act; (6) unfair and deceptive acts and practices; (7) usury; (8) violation of the Real Estate Settlement Procedures Act; (9) unjust enrichment; and (10) recoupment. (ECF No. 1-1).

**II.  Legal standard**

 *a.  Motion to dismiss*

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

**James C. Mahan**
**U.S. District Judge**

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

    b. Local rule 7-2

"The failure of the opposing party to file points and authorities in response to any motion shall constitute a consent to granting the same." D. Nev. 7-2(d). This failure-to-oppose rule does not apply solely to failure to file a physical document, but also to failure to assert in an opposition arguments that oppose those presented in the motion. *See, e.g., Duensing v. Gilbert*, 2013 WL 1316890 (D. Nev. Mar. 1, 2013) (failing to respond to defendant's arguments on the issue constituting consent to the granting of the motion); *Schmitt v. Furlong*, 2013 WL 432632 (D. Nev. Feb. 4, 2013) (failure to argue against substantive due process violations indicated consent to granting summary judgment); *Gudenavichene v. Mortgage Elec. Registration Sys.*, No. 2:11–cv–01747–GMN–VCF, 2012 WL 1142868 (D. Nev. Apr. 4, 2012) (plaintiff's failure to respond to any of the arguments raised in the motion to dismiss constituted consent to granting the motion).

James C. Mahan
U.S. District Judge

### III. Discussion

*a. Statutes of limitation preclusion*

Both defendants argue that the first two claims, intentional misrepresentation and rescission based upon fraud, are barred by a three-year statute of limitations under NRS § 11.190(3)(d). (ECF No. 5). Defendants also argue the fifth and eighth claims, Truth-in-Lending Act ("TILA") and Real Estate Settlement Procedure Act ("RESPA") violations, are further barred by the statutes of limitation under 12 U.S.C. § 2614 and 15 U.S.C. § 1640(e), respectively. (ECF No. 8). Defendants claim that plaintiff's fraud claims began running in 2004 and are, therefore, barred by statutes of limitation. (ECF No. 5). Plaintiff responds that the claims are not barred because he did not discover the fraud until 2015 when he was denied a loan modification. (ECF No. 17). Defendant BONY replies that plaintiff's inaction began in 2005 and should not excused by equitable tolling. (ECF No. 28).

"The general rule concerning statutes of limitations is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990). The expiration of a statute of limitations may be decided by law only when uncontroverted evidence proves the plaintiff discovered ("discovery rule") or should have discovered the fraudulent conduct. *See Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1307 (9th Cir. 1992). Under this discovery rule, a claim tolls upon the discovery by the aggrieved party of the facts constituting the fraud. *See Cheung v. Wells Fargo Bank*, 987 F.Supp.2d 972, 978 (N.D. CA. 2013).

In the current action, there are three relevant statutes of limitation. NRS § 11.190(3)(d) has a three-year statute of limitations beginning with discovery. *See Siragusa v. Brown*, 971 P.2d 801, 806 (Nev. 1998) (citing NEV. REV. STAT. § 1190(3)(d)). TILA has a one-year statute of limitations. 15 U.S.C. § 1635(e). Finally, RESPA has a one-year statute of limitations. 12. U.S.C. § 2614.

Plaintiff asserts he did not become aware of the underlying facts until he was denied a loan modification. (ECF No. 21 ¶ 4). However, in his complaint, plaintiff references phone calls made to defendants prior to 2009. (*See* ECF No. 1-1 ¶¶ 34–36, 39). Plaintiff states he was lied to during these phone calls, saying that he "knew these statements were false." (*Id.*). Even if plaintiff

**James C. Mahan**
**U.S. District Judge**

- 4 -

believed the statements were false, there were grounds for a claim under the discovery rule before 2009. Plaintiff was aware of the underlying facts. Although he chose to ignore or not believe them, that does not prevent the statute of limitations from tolling. Thus, the statutes of limitation began to run, at the latest, in 2009, which bars the claims under NRS § 11.190(3)(d), TILA, and RESPA.

Courts may apply equitable tolling if the statute of limitations has expired. *See City of N. Las Vegas v. State Local Gov't Employee-Mgmt. Relations Bd.*, 261 P.3d 1071, 1077 (Nev. 2011). Moreover, equitable tolling has been applied to TILA and other similar federal statutes. *King v. State of Cal.*, 784 F.2d 910, 911 (9th Cir. 1986). Under equitable tolling, a party initiating a claim after the statute of limitations has expired may be excused if a reasonable plaintiff would not have known of the possible claim within the time period allowed by statute. *See id.*

Plaintiff does not allege he had inadequate time to recover facts. Plaintiff further does not allege he needed more time to secure enough facts. (*see* ECF No. 1-1). Thus, claims one, two, five, and eight are barred because equitable tolling does not apply and the statutes of limitation have run. Accordingly, the court dismisses these claims with prejudice.

*b. Negligent foreclosure*

Plaintiff's third claim is for negligent foreclosure. (ECF No. 1–1). Defendant BANA argues that plaintiff's claim for negligent foreclosure fails as a matter of law because lenders have no duty of care to a borrower. (ECF No. 5).Further, defendant BONY claims that plaintiff's negligent foreclosure claim does not plead two necessary elements (ECF No. 21).

The elements of negligent foreclosure are: (1) defendant (a lender) owed a duty of care to plaintiff; (2) defendant breached the duty; (3) defendant's breach was the actual and proximate cause of the foreclosure; and (4) plaintiff was injured. *See Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1235 (D. Nev. 2009). A lender, however, does not owe a duty of care to a borrower beyond the initial qualification process. *See Id.* at 1234. Further, a plaintiff cannot sue for wrongful foreclosure if he failed to tender payments when due. *See Wensley v. First Nat. Bank of Nevada*, 874 F.Supp.2d 957, 965 (D. Nev. 2012).

Plaintiff's claim for negligent foreclosure fails because (1) defendants do not owe plaintiff a duty, and (2) plaintiff has not pled that he can tender payments to the lender. Plaintiff admits in

James C. Mahan
U.S. District Judge

- 5 -

1  the complaint that he "fell behind on the note and deed of trust payment" on the property. (ECF
2  No. 1-1 ¶ 31). In his complaint, plaintiff does not plead that he is able to pay his loan back to avoid
3  default. Thus, plaintiff cannot demonstrate a negligent foreclosure claim under Nevada law.

   c. *Unfair and deceptive trade practices and unjust enrichment*

Plaintiff's sixth claim is for unfair and deceptive acts and practices. (ECF No. 1-1). Plaintiff's ninth claim for unjust enrichment. *Id.* Responding to the unfair and deceptive acts and practices claim, defendants argue that plaintiff does not sufficiently plead the type of deceptive trade practice alleged against defendants as required by NRS 598.0915. (ECF Nos 5,8). Responding to plaintiff's unjust enrichment claim, defendants argue plaintiff does not adequately plead a claim for relief because a valid contract existed between the parties. (*Id.*). Plaintiff did not respond to either of these arguments. This permits the court to dismiss both of plaintiff's claim pursuant to Local Rule 7-2(d). *See, e.g., Duensing*, 2013 WL 1316890. Accordingly, the court dismisses the sixth claim for unfair and deceptive acts and practices.

   d. *Relief based claims*

Plaintiff's fourth claim is for injunctive relief, the seventh claim is for usury, and the tenth claim is for recoupment. (ECF No. 1-1). Defendants argue the claims should be dismissed because (1) plaintiff's fourth claim is not a separate cause of action; (2) plaintiff's seventh claim for usury is not legally cognizable in Nevada; and (3) plaintiff's tenth claim is a remedy and therefore, dependent on the other claims. (ECF Nos. 5, 8).

Plaintiff's fourth claim for injunctive and declaratory relief is dismissed because it is a remedy, not a legally cognizable claim. The court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g., In re Wal–Mart Wage & Hour Employment Practices Litig* ., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) ("[I]njunctive relief is a remedy, not an independent cause of action."); *Jensen v. Quality Loan Serv. Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010) ("[A] separately pled claim or cause of action for injunctive relief is inappropriate."). Injunctive relief may be available if plaintiff is entitled to such a remedy on an independent cause of action.

**James C. Mahan**
**U.S. District Judge**

Usury is no longer a cause of action in Nevada. *See Tatro v. Homecomings Fin. Network, Inc.*, 3:10-cv-00346-RCJ-RAM, 2011 WL 240255, at n.1 (D. Nev. Jan. 20, 2011). Under Nevada law, parties may agree to any interest amount. *See* NRS § 99.050. Usury was superseded by NRS § 99.050; therefore, plaintiff's usury claim is dismissed with prejudice.

Plaintiff's tenth claim for recoupment is not legally cognizable. Recoupment is a "right of the defendant. . . ." not the plaintiff. *Schettler v. RalRon Capital Corp.,* 275 P.3d 933, 941 (Nev. 2012) (citing *Black's Law Dictionary* 1275 (6th ed.1990)). Recoupment can only be asserted as a affirmative defense. *Id.* Plaintiff's tenth claim is dismissed with prejudice because recoupment cannot be pled in a complaint.

Accordingly, the court dismisses plaintiff's claim for injunctive relief.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Bank of America, North America, and Bank of New York's motions to dismiss the complaint (ECF Nos. 5, 8) be, and the same hereby are, GRANTED, consistent with the foregoing.

The clerk is instructed to close the case.

DATED July 18, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**