UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL E. WILLIAMS,

Plaintiff(s),

v.

BANK OF AMERICA, N.A., et al.,

Defendant(s).

Case No. 2:16-CV-199 JCM (PAL)

ORDER

Presently before the court is defendants Residential Credit Solutions, Inc. ("Residential") and Bank of New York Mellon's ("BONY") (collectively "defendants") motion to reopen case for the limited purpose of entering an order expunging *lis pendens*. (ECF No. 43).

Also before the court is defendants' motion to expunge *lis pendens*. (ECF No. 44). Plaintiff Michael E. Williams filed a response (ECF No. 45), to which defendants replied (ECF No. 48).

**I. Facts**

On or about June 29, 2004, plaintiff purchased the property located at 1600 Eaton Drive, Las Vegas, Nevada, 89102 ("the property"). (ECF No. 8). To pay for the property, plaintiff executed a promissory note amounting to $308,000 with Countrywide Home Loan, Inc. ("Countrywide") as the lender. *Id.* Thereafter, plaintiff entered into a deed of trust securing the loan. *Id.* Mortgage Electronic Registration Systems, Inc. ("MERS") was named as the beneficiary and CTC Real Estate Services as the trustee. *Id.* Bank of America, N.A. later acquired Countrywide and MERS assigned the deed of trust to BONY. *Id.* BONY recorded a substitution of trustee naming Sables LLC ("Sables") as trustee, making it the current trustee. *Id.* Sables then notified plaintiff he was delinquent on the loan and owed over $140,000. *Id.*

James C. Mahan
U.S. District Judge

Thereafter, Sables opted to sell the property on behalf of BONY. *Id.* Plaintiff then opted for, and initiated, the mediation process. *Id.* In December 2014, the meditation concluded, determining that plaintiff did not qualify for loan modification. *Id.* Sables subsequently initiated foreclosure proceedings and sold the property on January 19, 2016. *Id.*

On January 14, 2016, plaintiff filed a complaint in state court. (ECF No. 1). On February 1, 2016, defendants removed the case to federal court. *Id.*

On July 18, 2016, the court granted defendants' motions to dismiss. (ECF No. 35). That same day, the clerk entered judgment in favor of defendants. (ECF No. 36). On August 15, 2016, plaintiff filed a notice of appeal to the Ninth Circuit as to the court's order granting defendants' motions to dismiss as well as the clerk's entry of judgment. (ECF No. 37). On August 16, 2017, the Ninth Circuit affirmed the district court's order. (ECF No. 39).

In their instant motions, defendants now move to reopen the case for the purpose of expunging *lis pendens*. (ECF Nos. 43, 44).

Despite the court dismissal of plaintiff's complaint, and the Ninth Circuit's subsequent order affirming the district court's order, plaintiff has not yet released his *lis pendens* filed on the property in state court on January 15, 2016. (ECF No. 43).

**II.     Discussion**

Defendants argue that the court should reopen the case so as to enter an order expunging plaintiff's *lis pendens* because the court previously dismissed plaintiff's complaint and thus there are no claims pending in this action. (ECF Nos. 43, 44). Defendants assert that expunging *lis pendens* is appropriate pursuant to NRS § 14.015.

"The doctrine of *lis pendens* provides constructive notice to the world that a dispute involving real property is ongoing." *Weddell v. H2O, Inc.*, 271 P.3d 743, 751 (Nev. 2012) (citing Nev. Rev. Stat. § 14.010(3)). "[L]*is pendens* are not appropriate instruments for use in promoting recoveries in actions for personal or money judgments; rather, their office is to prevent the transfer or loss of real property which is the subject of dispute in the action that provides the basis for the *lis pendens*." *Levinson v. District Court*, 857 P.2d 18, 20 (Nev. 1993).

James C. Mahan
U.S. District Judge

- 2 -

Pursuant to §14.015, a party's ability to maintain a *lis pendens* depends upon that party's possible future entitlement to the property. Nev. Rev. Stat. § 14.015. "A party who records the notice of *lis pendens* must establish to the satisfaction of the court either: (a) that the party who recorded the notice is likely to prevail in the action, or (b) that the party who recorded the notice has a fair chance of success on the merits in the action…" *Barnett-Moore v. Fed. Home Loan Mortg. Corp.*, 2013 U.S. Dist. LEXIS 10217, at *14-15 (D. Nev. Jan. 25, 2013) (citing Nev. Rev. Stat. § 14.015(3)(a)-(b)).

Here, the court granted defendants' motion to dismiss on July 18, 2016. (ECF No. 35). The Ninth Circuit then affirmed the court's order dismissing plaintiff's complaint. (ECF No. 39). Further, the time for plaintiff to petition for rehearing or writ of certiorari has lapsed. (ECF No. 43). As defendants correctly note, there are no claims currently pending in this action. *Id.* Thus, plaintiff is not likely to prevail in the action nor does plaintiff have a fair chance of success on the merits. Plaintiff is thus incapable of meeting either standard laid out in § 14.015(3) necessary to maintain *lis pendens*. Accordingly, the court will grant defendants' motion to expunge *lis pendens*.

### III.     Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to reopen case for the limited purposed of entering an order expunging *lis pendens* (ECF No. 43) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to expunge *lis pendens* (ECF No. 44) be, and the same hereby is, GRANTED.

DATED June 5, 2018.

_____
UNITED STATES DISTRICT JUDGE