UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL E. WILLIAMS, | Case No. 2:16-CV-199 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Williams v. Bank of America, N.A., et al.*, case number 2:16-cv-00199-JCM-BNW.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although this rule only references dismissal upon defendant's motion, the Supreme Court in *Link v. Wabash R. Co.* held as follows:

> Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

The Supreme Court specifically affirmed "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. Thus, Rule 41(b) authorizes district courts

James C. Mahan
U.S. District Judge

to sua sponte dismiss actions for failure to prosecute or to comply with court orders or the Rules. *Pagtalunan v. Galaza*, 291 F.3d 639, 640–43 (9th Cir. 2002);

This power is also codified in this court's local rules. Local Rule 41-1 provides that "[a]ll civil actions that have been pending in this court for more than 270 days without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution by the court sua sponte or on the motion of an attorney or pro se party." LR 41-1.

On March 26, 2020, the court gave plaintiff Michael E Williams notice, pursuant to Local Rule 41-1, that "[i]f no action is taken in this case within 30 days, the Court will enter an order of dismissal for want of prosecution." (ECF No. 56). Plaintiff's LR 41-1 dismissal deadline was expressly set for April 25, 2020. *Id.* Nonetheless, plaintiff has not appeared or otherwise prosecuted this action.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the matter of *Williams v. Bank of America, N.A., et al.*, case number 2:16-cv-00199-JCM-BNW, be, and the same hereby is, DISMISSED for want of prosecution.

The clerk is instructed to enter judgment and close the case accordingly.

DATED May 6, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**